IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| SEAN HAYGOOD *et al*., | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. 8:24-cv-1518-PX |
| VROOM INC. *et al*., | * | |
| Defendants. | * | |
| | *** | |

### MEMORANDUM OPINION

Pending is Defendant Vroom Inc. ("Vroom")'s Motion to Compel Arbitration and Dismiss the Amended Complaint, or in the Alternative, to Stay the case pending arbitration. ECF No. 37. Co-defendant Ally Financial ("Ally") separately moves to dismiss the claims against it. ECF No. 35. The Court finds no hearing necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, Vroom's motion to compel arbitration is GRANTED. The Court STAYS the case pending the outcome of arbitration and will reach Ally's motion once the stay is lifted.

### I.    Background

On May 25, 2021, pro se Plaintiffs Sean Haygood and Erica Haygood (collectively, "Plaintiffs") bought a 2015 Hyundai Genesis from Vroom. ECF No. 33. To consummate the deal, Sean Haygood executed a Retail Purchase Agreement ("RPA") with Vroom, and a finance agreement entitled the "Motor Vehicle Retail Installment Sales Contract – Simple Finance Charge (With Arbitration Provision)." ECF Nos. 37-2 & 37-3. Vroom next assigned the Retail Installment Sales Contract (the "RISC") to Ally which securitized the loan using the vehicle as collateral. ECF No. 37-3 at 4; ECF No. 33 ¶ 5 (Plaintiffs alleging that Ally sent a letter to Plaintiffs explaining "we will not release your title until you pay all you owe.").

1

After the agreement was finalized and the loan was assigned to Ally, Plaintiffs failed to make timely payment on the note.  Ally, in turn, transferred the RISC back to Vroom and reported Plaintiffs' delinquency status to credit bureaus, causing Plaintiffs' credit scores to decline.  ECF No. 33 ¶¶ 7, 8.

Plaintiffs next filed suit against Vroom and Ally for fraud, deceptive trade practices and intentional infliction of emotional distress.  ECF No. 33.  Specifically, they accuse Vroom of falsely promising that the title to the Hyundai was "clear and marketable" when in reality, neither Vroom nor Ally held clear title.  *Id.* ¶¶ 2–3.  As a result, the Plaintiffs could not register the Hyundai, and were eventually "pulled over" for expired license tags.  *Id.* ¶ 8.

Vroom now moves to compel arbitration under the RPA, arguing that the RPA[1] binds the parties to arbitrate the dispute.  ECF No. 37.   The RPA arbitration clause states in relevant part that,

**ALL DISPUTES BETWEEN YOU AND VROOM WILL BE RESOLVED BY BINDING ARBITRATION, EXCEPT FOR MATTERS THAT MAY BE TAKEN TO SMALL CLAIMS COURT.**

ECF No. 37-2 at 4. (Bold and emphasis in original).

The arbitration clause further defines "disputes and claims" broadly, to include "past, current, and/or future claims seeking equitable and/or monetary relief that relate in any way to the Vehicle, the Agreement, services and goods provided in connection with the Vehicle or Agreement, the relationship between you and Vroom, your credit application, your financing application, financing terms, your personal information, tort claims, and/or advertising claims." ECF No. 37-2 at 4.  A separate clause allows the buyer to opt out of arbitration upon written

---

[1] Vroom only invokes the RPA—and not the RISC—to compel arbitration, so the Court confines its analysis to the RPA arbitration clause, but notes that the RISC also clearly mandates arbitration of all claims. *See* ECF No. 37-5.

notice within 30 days from the date of the agreement. *Id.* at 5. Sean Haygood executed the agreement as the buyer, but nothing suggests he ever opted out of the arbitration clause.

For the following reasons, the claims must be arbitrated.

## II.    Standard of Review

Although courts consider motions to compel arbitration under either Rule 12(b)(1) or 12(b)(6), *see Lomax v. Weinstock, Friedman & Friedman, P.A*, No. CCB-13-1442, 2014 WL 176779, at *2 (D. Md. Jan. 15, 2014), *aff'd sub nom.*, 583 F. App'x 100 (4th Cir. 2014), the accepted review standard is "is akin to the burden on summary judgment." *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc*., 807 F.3d 553, 564 (4th Cir. 2015); *see also Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 251 (D. Md. 2011). Summary judgment in favor of arbitration may be granted where the movant demonstrates that no genuine issue of material fact exists, entitling the movant to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court construes the facts in the light most favorable to the nonmoving party, *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

## III.    Analysis

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, requires this Court to read arbitration agreements as "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This liberal "federal policy favoring arbitration agreements," *Adkins v. Lab. Ready, Inc*., 303 F.3d 496, 500 (4th Cir. 2002), demands that courts resolve "any uncertainty regarding the scope of arbitrable issues" in favor of arbitration. *Muriithi v. Shuttle Exp., Inc.,* 712 F.3d 173, 179 (4th Cir. 2013). Arbitration will be compelled where the movant demonstrates, (1) the existence of a valid arbitration agreement to arbitrate; (2) that the dispute falls within the scope of that agreement; and (3) the nonmovant refuses to arbitrate voluntarily. *Id.* The Court considers each factor separately.

As to the first factor, the Court applies the RPA's choice-of-law provision compelling the application federal law and Texas law. ECF No. 37-2 at 1. That said, the law in all possible fora is the same. When interpreting contractual terms, the Court accords them the plain and ordinary meaning, as read in the context of the entire agreement. *See URI, Inc. v. Kleberg Cnty.*, 543 S.W.3d 755, 764 (Tex. 2018) (applying ordinary contract principles). *See also Jones-Robinson v. Costco Wholesale Corp.*, 744 F. Supp. 3d 421, 427 (D. Md. 2024) ("According to general principles of contract law, 'a party is bound by the provisions of a contract that he signs, unless he can show special circumstances that would relieve him of such an obligation.'") (internal citation omitted).

Reading the RPA as a whole, Vroom and Sean Haygood clearly executed the agreement which includes a separate arbitration provision covering all claims touching upon the vehicle sale. ECF No. 37-2 at 4–5. Accordingly, the Court easily concludes that a valid agreement to arbitrate exists.

Plaintiffs, in response, dispute the validity of the arbitration clause based on Vroom's purported "misrepresentation" of its ability to transfer title of the vehicle, which Plaintiffs argue voids the entire agreement because it is a "fundamental aspect of the contract." ECF No. 40 at 5. However, as Vroom correctly contends, if the challenge is to the agreement itself, and not the arbitration agreement, then that challenge is left for the arbitrator. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006) ("[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."); *Meadows v. Cebridge Acquisition, LLC*, 132 F.4th 716, 729 (4th Cir. 2025) ("Any 'alleged defects' that 'pertain to the entire contract, rather than specifically to the arbitration clause' must be 'left to the arbitrator for resolution.'") (quoting *Jeske v. Brooks*, 875 F.2d 71, 75 (4th Cir. 1989)).

Plaintiffs next argue that Vroom waived its right to arbitration by participating in this litigation, relying on *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507 (11th Cir. 1990), *abrogated by Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022). Even if this Court were bound by *S & H Contractors, Inc.*, which it is not, Vroom's mere request for an extension of time to respond to the Complaint does not constitute a waiver of its right to arbitrate. *See, e.g., Holloman v. Consumer Portfolio Servs., Inc.*, No. CV RDB-23-134, 2023 WL 4027036, at *8 (D. Md. June 15, 2023) (no waiver where movant previously commenced litigation against plaintiff in state court); *Devs. Sur. & Indem. Co. v. Resurrection Baptist Church*, 759 F. Supp. 2d 665, 673 (D. Md. 2010) (no waiver where movant answered the complaint and filed crossclaims). Thus, the arbitration provision binds the parties.

Plaintiffs lastly contend that even if the arbitration clause is valid, it does not reach Erica Haygood because she is not a party to the RPA. Vroom responds that equitable principles of estoppel counsel otherwise. ECF No. 42 at 9–10. Where, as here, a non-signatory to an agreement receives a "direct benefit" from the agreement, she ought, in equity, not be permitted to avoid the less favorable terms such as a valid arbitration clause. *See Thompson v. Witherspoon*, 12 A.3d 685, 695 (Md. Ct. Spec. App. 2011) (citing *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000)); *Lennar Homes of Tex. Land & Constr., Ltd. v. Whiteley*, 672 S.W.3d 367, 376–77 (Tex. 2023) ("When 'the alleged liability arises from the contract or must be determined by reference to it . . .[,] equity prevents [the non-signatory plaintiff] from avoiding [an] arbitration clause that was part of that [contract].'") (quoting *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 637 (Tex. 2018)) (alterations in original). Indeed, a non-signatory should "be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently

maintained that other provisions of the same contract should be enforced to benefit him." *Int'l Paper Co.*, 206 F.3d at 418.  That is this.  Erica Haygood avers that Vroom's wrongdoing "induce[d]" her and Sean Haygood to purchase the vehicle.  ECF No. 33.  Erica Haygood also seeks to hold Vroom to the terms of the RPA.  *Id.*  Thus, Erica Haygood cannot avoid other provisions of the RPA that are not to her liking.  The valid arbitration clause applies to her.

Turning to the second factor, the claims fall within the scope of the arbitration clause.  The clause broadly covers all claims arising from the RPA, including those seeking "equitable and/or monetary relief that relate in any way to the Vehicle, the Agreement, services and goods provided in connection with the Vehicle or Agreement."  ECF No. 37-2 at 4.  The claims of fraud and misrepresentation arising from the validity of the title in connection with the vehicle sale are clearly covered.  Likewise, because the arbitration clause compels arbitration for all tort claims, the intentional infliction of emotional distress claim, too, must proceed to arbitration.  *Id.*  Thus, factor two is satisfied.

Plaintiffs argue that "[b]ecause the fraudulent misrepresentation regarding the vehicle's title goes to the heart of contract formation, this case falls outside the scope of the arbitration clause[.]"  ECF No. 40 at 7.  Plaintiffs are wrong.  The alleged fraud relates to the agreement to purchase the vehicle with clear and marketable title.  Similarly, any alleged deceptive trade practices relate to Vroom having sold the vehicle to Plaintiffs "without a valid title."  Clearly the claims relate to the "Vehicle" and the "Agreement," and are thus covered under the arbitration clause.

Finally, as to the third factor, it is undisputed that Plaintiffs refuse to arbitrate voluntarily.  Thus, with all three factors satisfied, the Court grants the motion to compel arbitration.  While dismissal is appropriate where "all of the issues presented in a lawsuit are arbitrable," *Choice*

*Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc*., 252 F.3d 707, 709–10 (4th Cir. 2001), the Court

will stay the case pending arbitration as it has not yet reached Ally's motion to dismiss.  *See Adkins*,

303 F.3d at 500 (district courts must "stay 'any suit or proceeding' pending arbitration of 'any

issue referable to arbitration.'") (quoting 9 U.S.C. § 3).

### IV.    Conclusion

Based on the foregoing, Vroom's motion to compel arbitration is GRANTED (ECF No.

37), and the case is STAYED pending the outcome of arbitration.  The parties are to submit a joint

written status report at the conclusion of arbitration, or six months from the date of this Opinion

and accompanying Order, whichever is earlier.


March 4, 2026                                                        /s/
Date                                                 PAULA XINIS
                                                     United States District Judge